**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KATHLEEN BRISCOE, o/b/o** | ) | |
| **NELSON TAYLOR, deceased,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 03 C 2762** |
| | ) | |
| v. | ) | **Magistrate Judge Morton Denlow** |
| | ) | |
| **JO ANNE B. BARNHART,** | ) | |
| **Commissioner of Social Security** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

This case comes before this Court on Plaintiff Kathleen Briscoe's ("Plaintiff") motion for attorney's fees and costs against Jo Anne B. Barnhart, Commissioner of Social Security ("Commissioner"), pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Seventh Circuit Court of Appeals agreed with this Court's conclusion that the ALJ's finding that Plaintiff was not disabled prior to March 31, 1991, was not supported by sufficient evidence. However, the Seventh Circuit vacated this Court's judgment instructing the Commissioner to award benefits to Plaintiff, and ordered a remand for further administrative proceedings. The principal issues are whether the Commissioner was substantially justified in its legal and factual positions, and whether the Plaintiff's fee request is reasonable. This Court grants EAJA fees to Plaintiff's counsel in the amount of

$23,929.23 because the Court finds the Commissioner's position was not substantially justified.

## I. BACKGROUND FACTS

This case has a long history. Plaintiff, who is now deceased and represented by his sister, Kathleen Briscoe, applied for Supplemental Social Security Income ("SSI") benefits in 1993 and the Social Security Administration ("Administration") awarded benefits effective the date of his application. In 1996, Plaintiff filed an application for disability insurance benefits ("DIB") claiming disability as a result of poor circulation in his legs and alleging an onset date of March 1, 1987. Plaintiff's application was denied and he requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ found that Plaintiff did not have a severe impairment on or before March 31, 1991, when his insured status expired and, therefore, Plaintiff was not entitled to DIB. Plaintiff requested a review of the ALJ's decision, which the Appeals Council denied.

### A. FIRST JUDICIAL REVIEW.

Plaintiff sought judicial review. Magistrate Judge Arlander Keys reversed the ALJ's decision and remanded the case for further proceedings. Judge Keys found that the ALJ's decision was not supported by substantial evidence because it failed to apply Social Security Ruling 83-20 ("SSR 83-20") and the ALJ failed to fully develop the record. *Taylor v. Massanari*, No. 00 C 5643, 2001 WL 1035286, at *9 (N.D. Ill. Sept. 7, 2001).

The ALJ held a supplemental hearing on November 1, 2002, and received testimony from a medical expert, a vocational expert, and Plaintiff's domestic partner, Lola Lawe-Taylor ("Lawe-Taylor"). On January 7, 2003, the ALJ issued his decision, which found that the Plaintiff was not disabled prior to January 7, 1994, and concluded that Plaintiff was ineligible for DIB.

### B. SECOND JUDICIAL REVIEW.

Again, Plaintiff sought judicial review. This Court reversed the ALJ's denial of benefits, finding that it was not supported by substantial evidence. *Briscoe ex rel Taylor v. Barnhart,* 309 F.Supp.2d 1025 (N.D. Ill. 2004). This Court determined that the ALJ had failed to apply the analysis mandated by SSR 83-20. Furthermore, the Court found that the ALJ proceeded without Plaintiff's 1993 SSI file, failed to consider Plaintiff's testimony from 1998, and should not have rejected Lawe-Taylor's testimony. This Court remanded the case for an award of benefits based on the Commissioner's obduracy.

### C. SEVENTH CIRCUIT APPEAL.

The Commissioner then appealed this Court's ruling to the Seventh Circuit Court of Appeals. The Seventh Circuit found that the ALJ's decision was not supported by substantial evidence for a number of reasons. *Taylor v. Barnhart*, 425 F.3d 345, 351-55 (7th Cir. 2005). However, the Seventh Circuit held that obduracy of the Commissioner was not a ground on which to award benefits. Rather, only evidence properly in the record may support a finding

of disability. The Seventh Circuit vacated the judgment of this Court and remanded the case for further proceedings in order to allow for additional evidence to be collected. *Id*. at 357.

### D. THE EAJA FEE PETITION.

Plaintiff submitted an EAJA fee application for the work performed by Barry A. Schultz, who represented the Plaintiff before this Court and the Court of Appeals. The Plaintiff assigned any award of attorney's fees to her attorney, Barry A. Schultz. Pl. Memo. Ex. C. The Commissioner contends that the Court is not permitted to award fees for Plaintiff's efforts because the Commissioner's position was substantially justified. Furthermore, the Commissioner contends that, if this Court awards fees, the fee request should be reduced to reflect the Plaintiff's limited success.

## II. EAJA FEE AWARD STANDARD

The EAJA directs a court to award attorney's fees and other expenses to private parties who prevail in litigation against the United States if, among other conditions, the Government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A) - (B). The position of the United States includes both its position during litigation and its pre-litigation position during the administrative proceedings. 28 U.S.C. § 2412(d)(2)(D). The substantial justification standard requires the government to show its position was grounded in "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *United States v. Hallmark,* 200 F.3d 1076, 1080 (7th Cir. 2000). A

decision by an ALJ constitutes part of the Commissioner's pre-litigation conduct. *Sutton v. Chater*, 944 F.Supp. 638, 639 (N.D. Ill. 1996). When errors are made by the ALJ, the Commissioner is held accountable. *Cummings v. Sullivan,* 950 F.2d 492, 496 (7th Cir.1991).

### A. THE PLAINTIFF IS A PREVAILING PARTY.

In order to receive an EAJA award, an EAJA applicant must first be a prevailing party. 28 U.S.C. § 2412 (d) (1) (A). "[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefits the parties sought in bringing the suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (*quoting Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978)). "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Texas State Teachers Assn., v. Garland Indep. School Dist.,* 489 U.S. 782, 792-3 (1989). *Farrar v. Hobby,* 506 U.S. 103, 111-12, 113 (1992).

In this case, the decision by the Seventh Circuit imposes upon the ALJ a duty to apply the analytical framework outlined in SSR 83-20 to determine the onset date of disability. *Briscoe*, 425 F.3d at 352. Second, the Seventh Circuit requires the ALJ, on remand, to address the testimony of Taylor. *Id.* at 354. Third, the ALJ must present reasons why, if he so chooses, to reject the testimony of Taylor. *Id.* at 355. Fourth, the Seventh Circuit held that the ALJ must secure additional medical evidence in the form of the 1993 SSI application file, and if lost, the ALJ must explain why he proceeds without the file. *Id.* Although the

5

Seventh Circuit rejected Plaintiff's "obduracy argument" as a ground to award benefits, a material alteration of the legal relationship between the parties has occurred. *Garland,* 489 U.S. at 792-3. The decision of the Seventh Circuit makes Plaintiff a "prevailing party" because the Commissioner's prelitigation and litigation position, when viewed as a whole, was not justified. Obtaining a sentence - four judgment reversing the Commissioner's denial of benefits and remanding the case entitles Plaintiff to prevailing party status. *Shalala v. Schaefer,* 509 U.S. 292, 302 (1993).

### B. THE COMMISSIONER'S POSITION WAS NOT SUBSTANTIALLY JUSTIFIED.

The Commissioner has the burden of proving her position had a reasonable basis in law and fact. *Cummings*, 950 F.2d. at 495. The standard of "substantially justified" is satisfied if there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action. *Pierce v. Underwood,* 487 U.S. 552, 565 (1988). "While the parties' postures on individual matters may be more or less justified, the EAJA – like other fee – shifting statutes-favors treating a case as an inclusive whole, rather than as atomized line items." *Comm'r, INS v. Jean,* 496 U.S. 154, 161-162 (1990). This Court is required to make a global assessment to determine whether the Commissioner was substantially justified in continuing to push forward at each stage. *Hallmark,* 200 F.3d at 1081. This Court must evaluate the factual and legal support for the Commissioner' position throughout the entire proceeding. *Id.* at 1080.

The Commissioner's success on the merits is relevant to the "substantial justification"

determination. In *Pierce,* the Supreme Court observed: "Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose. Nevertheless, a string of losses can be indicative; and even more so a string of successes." *Pierce,* 487 U.S. at 569. When considering the issue of EAJA fees, this Court must re-examine the factual and legal circumstances of the case from a different perspective than used at any other stage of the proceeding. *Hallmark,* 200 F.3d at 1080.

Where an ALJ does not abide by the plain requirements of the Rulings of the Social Security Administration and the Commissioner opposes reversal and remand, the Commissioner's position is not substantially justified. *Rice v. Apfel*, 16 F.Supp.2d 971, 974 (N.D. Ill. 1998); *Butts v. Bowen*, 775 F.Supp. 1167, 1172 (N.D. Ill. 1991). An ALJ's failure to develop the record to support a decision to deny benefits leads to the conclusion that the ALJ did not have a reasonable basis in fact and thus was not substantially justified. *Gibson-Jones v. Apfel*, 995 F.Supp. 825, 827 (N.D. Ill. 1998). Finding that the ALJ's decision was not substantially justified is sufficient for the court to award EAJA fees to the plaintiff. *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994).

In the instant case three courts strongly disapproved of the Commissioner's position, twice at the District Court, and once at the Seventh Circuit. Following the ALJ's first denial of DIB, Judge Arlander Keys found that the ALJ had not supported his decision with substantial evidence. *See Taylor,* No. 00 C 5643, 2001 WL 1035286, at *9. Judge Keys

found that the ALJ had failed to apply SSR 83-20 when he rejected the Plaintiff's testimony based solely on a lack of objective proof of Plaintiff's alleged onset date. Judge Keys further found the ALJ lacked substantial evidence when he failed to consult Plaintiff's 1993 SSI application and provided no grounds for proceeding without it.

Following remand and a second denial of benefits by the ALJ, this Court again held that the ALJ's decision was not supported by substantial evidence. *Briscoe ex rel Taylor,* 309 F.Supp.2d at 1043. This Court found that the ALJ failed to adhere to Judge Keys' instructions to apply SSR 83-20 because the ALJ (1) did not determine whether the alleged onset date was inconsistent with the medical evidence; (2) did not obtain the 1993 SSI file, or alternatively, explain why he proceeded without it, and (3) did not properly consider Plaintiff's testimony. Furthermore, this Court found that the ALJ's credibility determination of Lola Taylor was patently wrong.

On appeal, the Seventh Circuit also found that the ALJ's decision was not supported by sufficient evidence. *Briscoe*, 425 F.3d at 355. According to the Seventh Circuit, the ALJ did not explain how he reached his conclusion concerning Plaintiff's residual functional capacity ("RFC"). *Id.* at 352. Moreover, the record contains no evidence that supports the ALJ's description of the Plaintiff's pre-1994 RFC. *Id.* The Seventh Circuit further held that although the ALJ consulted with medical experts, the ALJ did not follow the instructions given in SSR 83-20. *Id.* at 353. The Seventh Circuit also held that the ALJ improperly failed to consider the testimony of the Plaintiff in violation of the Administration's rules. *Id.* at

354. Finally, the Court found that the ALJ's adverse credibility determination against Taylor was wholly unsupported by the record and the ALJ completely failed to consider the 1993 SSI application file, which was crucial to developing a supportable disability finding. *Id.* at 355.

With this lengthy, and somewhat unusual history in mind, this Court finds that the Commissioner's position was not substantially justified. The ALJ had an opportunity to follow Judge Keys' clear instructions on the initial remand. The ALJ failed to do so. The Commissioner's string of defeats, and her inability to remedy her position, are indicative of a stance completely lacking in justification.

### C. THE PLAINTIFF'S SUCCESS WAS NOT LIMITED AND HER FEE REQUEST SHOULD NOT BE REDUCED.

Once it is established that Plaintiff is entitled to an EAJA award, the Court must then examine the reasonableness of the EAJA fees claimed. *Koswenda v. Flossmoor School District*, 227 F.Supp.2d 979, 984-85 (N.D. Ill. 2002). The Court has wide discretion in determining an award of attorney fees under the EAJA. *Hensley*, 461 U.S. at 437. However, *Hensley* provides that where a plaintiff achieves only partial or limited success, a reduction of fees may be appropriate. *Id.* at 436.

This Court has carefully examined the Plaintiff's fee petition and finds that it is reasonable and justified. Plaintiff seeks $7,834.02 for work done on Plaintiff's District Court case. Plaintiff further seeks $13,935.71 for hours spent on appeal. Plaintiff further seeks a supplemental EAJA award in the amount of $2,464.00 to cover time spent in

connection with her EAJA petition. The Commissioner does not object to the time expended, except that the Plaintiff's initial fee request includes $304.50 in duplicate time. Plaintiff agrees that the fee request reflects a $304.50 error. This Court finds that Plaintiff's fee request, reflecting this reduction, in the amount of $23,929.23, is reasonable and justified.

The Commissioner argues, however, that because the Seventh Circuit remanded Plaintiff's claim for further proceedings, rather than a remand for an award of benefits, Plaintiff only achieved limited success. As Plaintiff argues, a remand for further proceedings is not evidence of limited success. *Briscoe,* 425 F.3d at 357. Although the ALJ may ultimately deny a petitioner her benefits, it does not change the fact that the ALJ's original position was not substantially justified. *Gibson-Jones,* 995 F.Supp. at 827. It would be unfair to require a plaintiff to appeal her denial of benefits and not award attorney's fees because the Commissioner is given a second chance to support her position. *Id.*

Where a plaintiff has obtained excellent results, her attorney should fully recover his fees. *Hensley*, 461 U.S. at 434. The critical factor is the degree of success obtained. *Id.* The *Hensley* court further found that there is no precise rule for making these fee reduction determinations and the district court has the necessary discretion to make this judgment. *Id.* at 436-37. The district court must make it clear that it has considered the relationship between the fee awarded and the results obtained. *Id.* at 437.

Although a reduction of fees may be appropriate where a plaintiff only achieves a partial or limited success, when a plaintiff's claims for relief involve a common core of facts

or are based on related legal theories, the lawsuit cannot be viewed as a "series of discrete claims." *Hensley,* 461 U.S. at 435. In these cases, the fee award should not be reduced because the plaintiff failed to prevail on every claim in the suit. *Id.* at 435. The Court must look to the totality of the success, rather than on the individual successes or failures of each claim. Work performed on failed claims is compensable if the research and arguments fall within the same common core of facts as the successful claim and are presented reasonably. *Jaffe v. Richmond*, 142 F.3d 409, 413-414 (7th Cir. 1998); *Flaherty v. Marchand,* 284 F.Supp.2d 1056, 1061 (N.D. Ill. 2003).

In this case the obduracy issue was factually intertwined with Plaintiff's other claims. All of Plaintiff's claims stem from the fact that the ALJ did not support his decision with substantial evidence. The obduracy issue only involved the question of relief. The Seventh Circuit granted relief in the form of a remand. This represents a substantial victory for Plaintiff. Accordingly, no fee reduction is necessary because the Plaintiff achieved an outstanding result in obtaining a remand.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's application for fees and costs is granted. Plaintiff has assigned her claim for EAJA fees to her counsel. The Clerk of the Court is directed to enter a judgment in favor of Barry A. Schultz and against Jo Anne B. Barnhart, Commissioner of Social Security, in the amount of $23,929.23, for attorney's fees and court costs pursuant to the Equal Access to Justice Act. Payment of fees is to be made to Plaintiff's attorney, Barry A. Schultz.

SO ORDERED THIS 24TH DAY OF FEBRUARY, 2006.

_____
**MORTON DENLOW**
**UNITED STATES MAGISTRATE JUDGE**

Copies mailed to:

Counsel for Plaintiff:
Barry A. Schultz
The Law Offices of Barry A. Schultz, P.C.
1609 Sherman Ave., Suite 205
Evanston, IL 60201

Counsel for Defendant:
Mona Ahmed
Assistant Regional Counsel
Social Security Administration
200 West Adams Street, Suite 3000
Chicago, Illinois 60606